

# Fourth Court of Appeals
## San Antonio, Texas

November 9, 2021

No. 04-21-00196-CR

Ricky Maurice **RICHARDSON**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 5898
Honorable Kirsten Cohoon, Judge Presiding

# O R D E R

The reporter's record was originally due on June 14, 2021. On August 9, 2021, Ms. Tonya Thompson filed a Notification of Late Record stating: (1) appellant failed to pay or make arrangements to pay the fee for preparing the record and appellant is not entitled to appeal without paying the fee and (2) "Defense Counsel said [appellant] no longer wanted to appeal and [the] record was no longer needed, hence, no payment [sic] for transcript preparation [sic]."

Appellant is represented on appeal by Ms. Stefanie Collins. On August 10, 2021, this court ordered Ms. Collins to file in this court, no later than August 20, 2021, either (1) a motion to dismiss this appeal that fully complies with Texas Rule of Appellate Procedure 42.2(a) or (2) if appellant wishes to continue his appeal, written proof to this court that either (a) Ms. Thompson's fee has been paid or arrangements have been made to pay the fee, or (b) appellant is entitled to appeal without paying the fee. Our order also stated that, if Ms. Collins failed to respond by August 20, 2021, appellant's brief would be due within thirty days from the date of our order, and the court would only consider those issues or points raised in appellant's brief that do not require a reporter's record for a decision. Ms. Collins has failed to respond to our August 10, 2021, order or file appellant's brief.

On September 27, 2021, this court ordered Ms. Collins to respond to this court, in writing no later than October 7, 2021, stating a reasonable explanation for failing to timely respond to our August 10, 2021, order and for failing to file the brief, and demonstrate the steps being taken to remedy the deficiency. Our order informed Ms. Collins that if she failed to

file an adequate response by October 7, 2021, this appeal would be abated to the trial court for an abandonment hearing, and the trial court would be asked to consider whether sanctions are appropriate. TEX. R. APP. P. 38.8(b)(2).

On October 8, 2021, Ms. Collins filed a motion requesting an extension of time until November 8, 2021, to file appellant's brief. Ms. Collins contended appellant informed her that he no longer wished to prosecute his appeal in this case, and he would not pay for the reporter's record necessary for the appeal. Ms. Collins stated she mailed a motion for voluntary dismissal to appellant at his current TDCJ Unit, Ellis Unit, for his signature as required by the Rules of Appellate Procedure; however, the motion with his signature has not been returned to her. Ms. Collins stated she is attempting to schedule an inmate telephone call with appellant to determine if he received the motion and if he intends to sign it. If appellant does not intend to sign the motion, Ms. Collins intends to file a motion to withdraw as appellant's counsel of record. On October 11, 2021, this court granted the motion and ordered Ms. Collins to file no later than November 8, 2021 (1) a motion to dismiss this appeal that fully complies with Texas Rule of Appellate Procedure 42.2(a) or (2) appellant's brief.

On November 9, 2021, Ms. Collins filed a motion to withdraw in which she recounted her unsuccessful efforts to contact appellant; therefore, she has filed neither a Rule 42.2(a) motion to dismiss nor a brief.

Pursuant to the Texas Rules of Appellate Procedure, we ABATE this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel if appellant desires to prosecute his appeal.

(3) If appellant is not indigent, does he intend to make or has he already made the necessary arrangements for filing a brief?

See TEX. R. APP. P. 38.8(b); 42.4.

The trial court may, in its discretion, receive evidence on the above questions by sworn affidavit from the appellant. The trial court shall, however, order the appellant's counsel to be present at the hearing.

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, **no later than December 9, 2021**, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions. All appellate filing dates are ABATED pending further order from this court.

Ms. Collins's motion to withdraw is HELD IN ABEYANCE pending further order of this court.

FILE COPY

_____
Lori I. Valenzuela, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of November, 2021.



_____
MICHAEL A. CRUZ, Clerk of Court